**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MAURESHA GULLATT, individually and
on behalf of others similarly situated,

Plaintiff,

vs.

JACK ENTERTAINMENT LLC, JACK
THISTLEDOWN RACINO LLC, and
JACK OHIO LLC,

Defendants.

Civil Action No.: _____

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

Jury Trial Demanded

## CLASS AND COLLECTIVE ACTION COMPLAINT

## INTRODUCTION

1.      This is a collective action on behalf of Plaintiff Mauresha Gullatt and all others similarly situated who work or worked for Defendants JACK Entertainment LLC, JACK Thistledown Racino LLC, and JACK Ohio LLC as Supervisors at JACK Entertainment establishments and who are unlawfully denied overtime compensation in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and Ohio law.

2.      Plaintiff brings this action individually and on behalf of all other similarly situated employees who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation unlawfully withheld by Defendants, liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs.

3.      Plaintiff also brings this action individually and on behalf of all other similarly situated class members to recover unpaid overtime wages, unpaid earned wages, statutory damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of

1

Defendants' violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.01 et seq., the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and Ohio Rev. Code § 2307.60.

4. Defendants have violated the FLSA and Ohio law by classifying Supervisors at JACK Entertainment establishments as exempt from overtime compensation and failing to pay them overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty in a workweek, even though their primary duties consist of front-line operational, departmental, and shift-support work rather than exempt management work.

7. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and on behalf of a putative "FLSA Collective," defined as:

> All Supervisors employed by any Defendants at any JACK Entertainment establishment in the United States or any other place covered by the FLSA at any time within the three (3) years preceding the filing of this action through the date of final judgment.

8. Plaintiff also brings her claims under the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60 individually and on behalf of a class pursuant to Federal Rule of Civil Procedure 23 and/or Ohio Rev. Code § 4111.10(C) on behalf of the "Ohio Class," defined as:

> All Supervisors employed by any Defendants to work at any JACK Entertainment establishment in Ohio at any time within the three (3) years preceding the filing of this action through the date of final judgment.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the FLSA, 29 U.S.C. § 201 et seq.

10. This Court has supplemental jurisdiction over Plaintiff's Ohio state-law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same common nucleus of operative facts as Plaintiff's federal claim.

11. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in Ohio, operate or control JACK-branded gaming establishments in Ohio, employ workers in Ohio, are registered to do business in Ohio, and committed the acts and omissions giving rise to this action in Ohio.

12. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District for venue purposes and because a substantial part of the events and omissions giving rise to the claims occurred in this District.

13. Venue is also proper in the Eastern Division because Plaintiff worked as a Surveillance Supervisor at JACK Thistledown Racino in North Randall, Ohio, and Defendants operate, control, or are alleged to jointly operate JACK-branded gaming establishments in Northeast Ohio.

**PARTIES**

14. Plaintiff Mauresha Gullatt is an adult resident of Ohio.

15. Plaintiff began working for Defendants at JACK Thistledown Racino in North Randall, Ohio, on approximately May 18, 2021, and worked as a Surveillance Supervisor from approximately June 2024 through approximately December 19, 2025.

16. Defendant JACK Thistledown Racino LLC is a Delaware limited liability company registered to do business in Ohio and doing business as JACK Thistledown Racino.

17. JACK Thistledown Racino LLC operates, manages, or controls the JACK Thistledown Racino property located at 21501 Emery Road, North Randall, Ohio 44128.

3

18. JACK Thistledown Racino LLC's Ohio statutory agent is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

19. Defendant JACK Entertainment LLC is a Delaware limited liability company that operates, manages, controls, or provides centralized business, operational, payroll, human-resources, classification, employment-policy, or management functions for JACK-branded gaming establishments, including JACK Thistledown Racino and JACK Cleveland Casino.

20. JACK Entertainment LLC maintains a public corporate or principal business address at 100 Public Square, Cleveland, Ohio 44113.

21. Defendant JACK Ohio LLC is a Delaware limited liability company registered to do business in Ohio and is alleged, on information and belief, to operate, manage, control, or provide centralized business, operational, payroll, human-resources, classification, employment-policy, or management functions for JACK-branded Ohio gaming establishments.

22. JACK Ohio LLC maintains or has maintained an Ohio principal, charter-request, operating-agreement, or related business address at 100 Public Square, Cleveland, Ohio 44113.

23. JACK Ohio LLC's Ohio statutory agent is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

24. At all relevant times, Defendants are employers within the meaning of the FLSA, the OMFWSA, and the OPPA.

25. At all relevant times, Defendants employ or employed Plaintiff and members of the FLSA Collective and Ohio Class within the meaning of the FLSA, the OMFWSA, and the OPPA.

26. At all relevant times, Defendants act directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

4

27. At all relevant times, Defendants jointly employ Plaintiff and similarly situated Supervisors by sharing or exercising control over employment policies, compensation practices, exempt-classification decisions, payroll administration, human-resources functions, supervision, discipline, scheduling expectations, and the operation of JACK-branded establishments.

28. Defendants are referred to collectively in this Complaint as "Defendants."

## FACTUAL ALLEGATIONS[1]

## DEFENDANTS' OPERATIONS AND WORKFORCE

29. Defendants operate, manage, control, or provide centralized services for JACK-branded gaming, racino, casino, racing, hospitality, food-and-beverage, entertainment, security, and surveillance operations.

30. Defendants operate or control JACK Entertainment establishments in Ohio, including JACK Thistledown Racino in North Randall, Ohio, and JACK Cleveland Casino in Cleveland, Ohio.

31. JACK Thistledown Racino is a racino and gaming establishment that includes video lottery terminal gaming, live or simulcast horse racing, food-and-beverage operations, guest-service operations, security functions, and surveillance operations.

32. Defendants jointly employ Supervisors to support, monitor, coordinate, and supervise operations within departments at JACK Entertainment establishments, including surveillance, security, player services, VLT, VLT performance, EVS, sports betting, food and beverage, marketing, and related operational departments.

---

[1] Unless otherwise specifically stated herein, the allegations in this section apply to the period of three (3) years prior to the commencement of this action through the date of judgment.

5

33.     Defendants maintain centralized or common policies and practices concerning the classification, compensation, payroll treatment, and overtime eligibility of Supervisors at JACK Entertainment establishments.

34.     Defendants are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

35.     Defendants have employees engaged in commerce or in the production of goods for commerce, including employees who use telephones, email, electronic communication systems, surveillance systems, gaming systems, payment systems, payroll systems, and other instrumentalities of interstate commerce in performing their work.

36.     Defendants have employees who handle, sell, or otherwise work on goods or materials that have moved in or been produced for commerce, including surveillance equipment, gaming equipment, electronic systems, office equipment, food-and-beverage supplies, uniforms, and other materials used in Defendants' operations.

37.     Defendants' annual gross volume of sales made or business done exceeds $500,000.

## PLAINTIFF'S EMPLOYMENT

38.     Plaintiff was jointly employed by Defendants to work at JACK Thistledown Racino in North Randall, Ohio.

39.     Plaintiff began working as a Surveillance Supervisor in approximately June 2024.

40.     Plaintiff worked for Defendants from approximately May 18, 2021 through approximately December 19, 2025.

41.     Plaintiff was paid on a salary basis while working as a Surveillance Supervisor, a Supervisor position at JACK Thistledown Racino.

42.     Plaintiff's salary was approximately $48,000 per year.

6

43. Defendants classified Plaintiff as exempt from overtime compensation while she worked as a Surveillance Supervisor.

44. Plaintiff typically worked approximately forty-five to fifty hours per week while working as a Surveillance Supervisor.

45. Defendants suffered and permitted Plaintiff to work more than forty hours in workweeks while she worked as a Surveillance Supervisor.

46. Defendants did not pay Plaintiff overtime compensation at one and one-half times her regular rate of pay for hours worked over forty in a workweek while she worked as a Surveillance Supervisor.

47. Plaintiff's work as a Surveillance Supervisor included operational surveillance, responding to calls and emails, monitoring casino or racino activity, communicating with surveillance employees and management, and following departmental procedures.

48. Plaintiff did not have authority to hire or fire employees.

50. Plaintiff's job duties were substantially similar to the duties of other Supervisors at JACK Entertainment establishments for purposes of the common classification and overtime-pay issues alleged in this Complaint, including because Supervisors report to managers or directors, support assigned departmental operations, direct or coordinate hourly employees during shifts, follow department-specific SOPs and rules, and lack authority to hire or fire employees.

**SUPERVISORS AT JACK ENTERTAINMENT ESTABLISHMENTS**

51. Supervisors at JACK Entertainment establishments work in departments including surveillance, security, player services, VLT, VLT performance, EVS, sports betting, food and beverage, marketing, and related operational departments.

7

52. Supervisors at JACK Entertainment establishments perform front-line operational, departmental, and shift-support functions for Defendants, including monitoring assigned operations, responding to calls, emails, incident reports, guest or employee issues, management requests, and operational issues during their shifts.

53. Supervisors at JACK Entertainment establishments help coordinate department operations and provide day-to-day direction to hourly employees and other non-exempt operational employees during shifts.

54. Supervisors at JACK Entertainment establishments follow department-specific policies, procedures, and SOPs, enforce rules set by managers and directors, communicate operational issues to management, and escalate personnel or disciplinary issues to managers, directors, human resources, or payroll.

55. Supervisors at JACK Entertainment establishments perform work that is integral and indispensable to Defendants' gaming, racino, casino, racing, hospitality, food-and-beverage, entertainment, security, surveillance, and guest-service operations.

56. Supervisors at JACK Entertainment establishments do not have authority to hire or fire employees.

57. Supervisors at JACK Entertainment establishments do not have recommendations as to hiring, firing, advancement, promotion, discipline, or other changes in employee status given particular weight within the meaning of the FLSA's executive exemption regulations.

58. Supervisors at JACK Entertainment establishments do not have management as their primary duty within the meaning of the FLSA's executive exemption regulations.

59. Supervisors at JACK Entertainment establishments do not have as their primary duty office or non-manual work directly related to the management or general business operations

of Defendants or Defendants' customers within the meaning of the FLSA's administrative exemption regulations.

60.     Supervisors at JACK Entertainment establishments do not customarily and regularly exercise discretion and independent judgment with respect to matters of significance within the meaning of the FLSA's administrative exemption regulations.

61.     Supervisors at JACK Entertainment establishments do not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

62.     Supervisors at JACK Entertainment establishments do not perform work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

## DEFENDANTS' CLASSIFICATION AND OVERTIME PRACTICES

63.     Defendants classify Supervisors at JACK Entertainment establishments as exempt from overtime compensation.

64.     Defendants pay Supervisors at JACK Entertainment establishments on a salary basis.

65.     Defendants require, suffer, or permit Supervisors at JACK Entertainment establishments to work more than forty hours in a workweek.

66.     Supervisors at JACK Entertainment establishments regularly work more than forty hours in a workweek because Defendants' operations require shift coverage, employee supervision or coordination, incident response, communications, monitoring, guest-service support, departmental coverage, meetings, and operational work beyond forty hours in a week.

67. Defendants do not pay Supervisors at JACK Entertainment establishments overtime compensation at one and one-half times their regular rates of pay for hours worked over forty in a workweek.

68. Defendants' failure to pay overtime is caused by Defendants' common classification and payroll practice of treating Supervisors at JACK Entertainment establishments as overtime-exempt employees.

69. Defendants maintain payroll, timekeeping, scheduling, job-title, job-classification, human-resources, personnel, and compensation records that identify Supervisors at JACK Entertainment establishments and show their workweeks, pay, job titles, classification status, and compensation.

70. Defendants know or should know that Supervisors at JACK Entertainment establishments work more than forty hours in workweeks.

71. Defendants know or should know that Supervisors at JACK Entertainment establishments are not paid overtime premiums for hours worked over forty in a workweek.

72. Defendants' failure to pay overtime compensation to Supervisors at JACK Entertainment establishments is willful.

**PLAINTIFF'S FINAL WAGES**

73. Plaintiff's employment ended on or about December 19, 2025.

74. After Plaintiff's employment ended, Defendants did not timely pay Plaintiff's final wages for her final work period.

75. Plaintiff contacted management, human resources, or payroll concerning wages owed for her final work period.

76.    Defendants paid Plaintiff's final wages for her final work period approximately one month after Plaintiff's termination, but did not timely pay those wages at separation and did not pay overtime wages owed under federal and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

77.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

78.    Plaintiff brings Count I as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and the FLSA Collective.

79.    Plaintiff and members of the FLSA Collective are similarly situated because they share similar job titles, duties, pay methods, exempt classifications, overtime-pay practices, and injury from Defendants' failure to pay overtime compensation.

80.    The claims of Plaintiff and members of the FLSA Collective arise from Defendants' common classification and payroll practice of treating Supervisors at JACK Entertainment establishments as exempt from overtime compensation.

81.    The application of Defendants' challenged policies and practices does not depend on individualized circumstances. Rather, Defendants apply the same exempt classification and overtime-pay practices to members of the FLSA Collective.

82.    Defendants' payroll, timekeeping, scheduling, job-title, job-classification, human-resources, personnel, and compensation records can be used to identify members of the FLSA Collective and calculate unpaid overtime wages.

83.    Plaintiff estimates that the FLSA Collective consists of numerous similarly situated employees. The precise number of FLSA Collective members is readily ascertainable from Defendants' records.

## OHIO CLASS ACTION ALLEGATIONS

11

84. Plaintiff re-alleges and incorporates all previous paragraphs herein.

85. Plaintiff seeks to pursue her OMFWSA, OPPA, and Ohio Rev. Code § 2307.60 claims individually and pursuant to Federal Rule of Civil Procedure 23 as an opt-out class action on behalf of the Ohio Class.

86. Alternatively, Plaintiff seeks to pursue her OMFWSA claim individually and on behalf of the Ohio Class on an opt-in basis pursuant to Ohio Rev. Code § 4111.10(C), which provides that no employee shall join as a party plaintiff in a civil action brought under that section unless the employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought.

87. Plaintiff brings this class action to recover unpaid overtime wages, unpaid earned wages, statutory damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60.

88. Damages to Ohio Class members can be calculated using Defendants' payroll, timekeeping, scheduling, job-title, job-classification, human-resources, personnel, and compensation records through common proof.

89. The members of the Ohio Class are so numerous that joinder of all Class members is impracticable. Plaintiff reasonably estimates that there is a substantial number of Class members. The members of the Ohio Class are readily identifiable from Defendants' records.

90. Common questions of law and fact exist as to the Ohio Class and predominate over questions affecting only individual members, including whether Defendants jointly employ Supervisors at JACK Entertainment establishments in Ohio, whether Defendants classify those employees as exempt, whether those employees work more than forty hours in workweeks,

12

whether Defendants fail to pay overtime wages required by Ohio law, whether Defendants fail to timely pay all earned wages, and whether Defendants' conduct violates Ohio Rev. Code § 2307.60.

91.    Plaintiff's claims are typical of the claims of the Ohio Class because Plaintiff worked as a Surveillance Supervisor, a Supervisor position, at a JACK Entertainment establishment in Ohio, was classified as exempt, worked more than forty hours in workweeks, and was not paid overtime premiums.

92.    Plaintiff will fairly and adequately protect the interests of the Ohio Class because her interests are aligned with those of the Ohio Class and she has retained counsel experienced in wage-and-hour class and collective litigation.

93.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual damages are relatively modest compared to the burden and expense of individual litigation, common proof can resolve central liability and damages issues, and class treatment will promote consistency, efficiency, and judicial economy.

## COUNT I

**Brought Individually and on Behalf of the FLSA Collective**

**Violation of the Fair Labor Standards Act**

**Failure to Pay Overtime Wages**

**29 U.S.C. §§ 207 and 216(b)**

94.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

95.    At all relevant times, Plaintiff and members of the FLSA Collective are or were employees covered by the FLSA.

96.    At all relevant times, Defendants are or were employers covered by the FLSA.

13

97. At all relevant times, Defendants are or were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

98. Defendants require, suffer, or permit Plaintiff and members of the FLSA Collective to work more than forty hours in workweeks.

99. Defendants fail to pay Plaintiff and members of the FLSA Collective overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty in a workweek.

100. Defendants' failure to pay overtime compensation violates 29 U.S.C. § 207.

101. Defendants' violations are willful.

102. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the FLSA Collective are entitled to recover unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and all other relief available under the FLSA.

**COUNT II**

**Brought Individual and on a Class Basis Pursuant to Fed. R. Civ. P. 23**

**(or Alternatively, Ohio Rev. Code § 4111.10(C))**

**Violation of the Ohio Minimum Fair Wage Standards Act**

**Failure to Pay Overtime Wages**

**Ohio Rev. Code § 4111.03**

103. Plaintiff re-alleges and incorporates all previous paragraphs herein.

104. At all relevant times, Plaintiff and members of the Ohio Class are or were employees covered by the OMFWSA.

105. At all relevant times, Defendants are or were employers covered by the OMFWSA.

106. Defendants require, suffer, or permit Plaintiff and members of the Ohio Class to work more than forty hours in workweeks.

107. Defendants fail to pay Plaintiff and members of the Ohio Class overtime compensation required by Ohio Rev. Code § 4111.03 for hours worked over forty in a workweek.

108. Defendants' failure to pay overtime compensation violates the OMFWSA.

109. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Ohio Class are entitled to recover unpaid overtime wages, statutory damages, reasonable attorneys' fees and costs, interest, and all other relief available under Ohio law.

## COUNT III

**Individual and Rule 23 Class Claims**

**Violation of the Ohio Prompt Pay Act**

**Failure to Timely Pay Earned Wages**

**Ohio Rev. Code § 4113.15**

110. Plaintiff re-alleges and incorporates all previous paragraphs herein.

111. Plaintiff and members of the Ohio Class are or were employees within the meaning of the OPPA.

112. Defendants are or were employers within the meaning of the OPPA.

113. The wages owed to Plaintiff and members of the Ohio Class for work performed, including overtime wages, are earned wages within the meaning of the OPPA.

114. Defendants fail to timely pay Plaintiff and members of the Ohio Class all earned wages owed by the regular payday or other deadline required by Ohio Rev. Code § 4113.15.

115. Defendants also failed to timely pay Plaintiff all earned wages owed for her final work period following the end of her employment.

15

116. Defendants' failure to timely pay earned wages violates the OPPA.

117. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the Ohio Class are entitled to recover unpaid wages, statutory damages, interest, reasonable attorneys' fees and costs, and all other relief available under Ohio law.

**COUNT IV**

**Individual and Rule 23 Class Claims**

**Civil Action for Damages Resulting from Criminal Acts**

**Ohio Rev. Code § 2307.60**

118. Plaintiff re-alleges and incorporates all previous paragraphs herein.

119. Plaintiff and members of the Ohio Class earned wages for work performed for Defendants.

120. Defendants knowingly fail to pay all wages owed to Plaintiff and members of the Ohio Class, including overtime wages and other earned wages.

121. Defendants' knowing failure to pay all wages owed constitutes unlawful wage nonpayment and causes damages to Plaintiff and members of the Ohio Class.

122. Plaintiff and members of the Ohio Class seek civil damages and all other relief available under Ohio Rev. Code § 2307.60.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

a) certifying the FLSA Collective under 29 U.S.C. § 216(b) and authorizing notice to similarly situated employees;

16

b)  certifying the Ohio Class under Federal Rule of Civil Procedure 23 and/or authorizing the OMFWSA claim to proceed alternatively under Ohio Rev. Code § 4111.10(C);

c)  appointing Plaintiff as representative of the FLSA Collective and Ohio Class;

d)  appointing Plaintiff's counsel as counsel for the FLSA Collective and Ohio Class;

e)  declaring that Defendants' classification and overtime-pay practices violate the FLSA and Ohio law;

f)  awarding Plaintiff and members of the FLSA Collective unpaid overtime compensation and an equal amount as liquidated damages under the FLSA;

g)  awarding Plaintiff and members of the Ohio Class unpaid overtime wages, unpaid earned wages, statutory damages, and other damages available under Ohio law;

h)  awarding Plaintiff and members of the Ohio Class civil damages available under Ohio Rev. Code § 2307.60;

i)  awarding pre- and post-judgment interest to the fullest extent permitted by law;

j)  awarding reasonable attorneys' fees and costs to the fullest extent permitted by law; and

k)  granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

17

Respectfully Submitted,


Dated: June 5, 2026

By:    /s Jason T. Brown
           Jason T. Brown (N.D. Oh. Bar # 35921996)
           Nicholas Conlon (to seek PHV)
           Michael Rinderman (to seek PHV)
           BROWN, LLC
           111 Town Square Place, Suite 400
           Jersey City, NJ 07310
           T: (877) 561-0000
           F: (855) 582-5279
           jtb@jtblawgroup.com
           nicholasconlon@jtblawgroup.com
           michael.rinderman@jtblawgroup.com

           *Lead Counsel for Plaintiff*